### TATUM v. RAY.

(Circuit Court, N. D. Georgia.  May 3, 1895.)

MORTGAGES—INTEREST COUPONS—PRESENTATION FOR PAYMENT.

  Interest coupons attached to a note were by their terms payable at a bank in Richmond, Ind. The debtor resided in Atlanta. Ga., and had no funds in the Indiana bank. A coupon, without being first sent to the Indiana bank, was left with a bank in Atlanta for collection, and due notice was promptly given to the debtor. who had paid a previous coupon in Atlanta without objection. *Held*, that the failure to present the coupon for payment at the place specified was no defense to a foreclosure of the mortgage for the interest.

This was a bill by Eleanor Tatum against Lavender R. Ray to foreclose a mortgage.

Rosser & Carter, for plaintiff.

L. R. Ray, pro se.

NEWMAN, District Judge. On the demurrer filed in this case, the court disposed of the question of the right to foreclose the instrument as a mortgage, and the only question left to be determined is as to the matter of the payment of the interest, and especially as to the place of paying the same. By the terms of the

coupons attached to the note, the coupons are made payable at the Second National Bank, Richmond, Ind. The proof shows that the coupon for default in payment of which the foreclosure is asked was not left for collection at the bank in Richmond, Ind. And it also shows that the defendant had no funds on deposit there to meet the same, and that the officers of the bank knew of no effort on his part to pay it then. It further shows that the defendant resides in Atlanta, and the coupon was left for collection at a bank in Atlanta, and that defendant was notified of the same; and that, after his failure to pay the same there, it went for collection to the counsel for complainant in this case (who had also been agent to negotiate the loan to the defendant), and that he was fully notified more than once that the coupon was in their hands for collection, and was given the amplest opportunity to pay the same before any proceedings were commenced. The evidence also shows that a coupon maturing prior to the one in question had been paid by the defendant in Atlanta without question. The fact seems to be, indeed, that the presentation of the coupons in Atlanta was an accommodation and benefit to the defendant, and there is no reason perceived why he should be allowed to make that defense to this foreclosure suit. The complainant is entitled to a decree.